**Ex parte Raye Gene SMITH, Appellant.**

**No. 44119.**

Court of Criminal Appeals of Texas.

May 5, 1971.

Rehearing Denied June 9, 1971.

Attorney pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

**412**

OPINION

ROBERTS, Judge.

This is a habeas corpus proceeding seeking relief from confinement under a judgment entered in the 89th District Court of Wichita County on March 31, 1971, adjudging petitioner in contempt of court.

The petitioner and Jim Phagan, district attorney of Wichita County, had been discussing a motion for change of venue with the court in chambers. They were on their way to the courtroom and in an outer room adjoining the courtroom when an incident occurred. The petitioner was reading his motion, and read " * * * a dangerous combination instigated by influential persons exists so that the defendant cannot obtain a fair and impartial trial in Wichita County." At that point, Phagan said something to this effect: "The only dangerous thing in this case is you, Ray Gene." The affidavits from those present conflict as to what happened next.

According to Phagan's affidavit and Judge Temple Driver's order, the petitioner fiercely attacked Phagan, hitting him about the face and body, and ignored Judge Driver's order that they stop fighting.

According to the petitioner, Phagan pushed him and then hit him in the left side and then he hit Phagan back and the scuffle broke out. Judge Driver tried to separate the parties and held petitioner in contempt of court. Petitioner states that he did not hear Judge Driver order him to stop fighting or hold him in contempt.

The incident occurred on March 30, 1971. The following day, the court ordered a mistrial in the case and informed the petitioner that the court was holding him in contempt and assessed punishment at three days in the county jail and a fine of one hundred dollars ($100.00).

By his own admission, the petitioner struck the district attorney. Even if, as he claims, the district attorney hit him first and he retaliated as shown by his affidavit, the court would still be justified in holding the petitioner in contempt.

The fact that the court waited a day to enter the contempt order does not affect its validity. See: State v. Buddress (1911) 63 Wash. 26, 114 P. 879. This is not a case where the contemptuous acts were directed to the court; therefore, Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532, is not applicable.

There being no reversible error, the application for writ of habeas corpus is denied.